RAYBORN *v.* MIZE.[*]

(Division B.   Nov. 5, 1928.)

[118 So. 623.   No. 27407.]

*Corpus Juris-Cyc References: Chattel Mortgages, 11CJ, section 520, p. 713, n. 12; Estoppel, 21CJ, section 154, p. 1151, n. 92; Justices of the Peace, 35CJ, section 502, p. 800, n. 78.

*A. M. Edwards,* for appellant.

560

*Hilton & Hilton,* for appellee.

ANDERSON, J. Appellee, as trustee in a deed of trust on a yoke of oxen and wagon, executed by the owners of the oxen and wagon, Purvis and Hudson, to secure an indebtedness to the D'Lo Guaranty Bank, brought an action of replevin against appellant in a court of a justice of the peace of Simpson county, to recover possession of the oxen and wagon, for the purpose of subjecting same to sale under said deed of trust, to satisfy the indebtedness thereby secured. There was a judgment in the court of the justice of the peace for appellant, from which judgment appellee appealed to the circuit court, where there was a trial resulting in a judgment for appellee. From that judgment, appellant appeals to this court.

Prior to the execution of the deed of trust in favor of the D'Lo Guaranty Bank, the owner at that time of the oxen and wagon, J. S. May, executed a deed of trust on them in favor of one Womack to secure an indebtedness due the latter. The Womack deed of trust was therefore senior to that of the bank. Both deeds of trust were duly recorded in the office of the chancery clerk of Simpson county soon after their execution. When the deed of trust was executed to the bank, the senior deed of trust in favor of Womack was on record in the office of the chancery clerk. The Womack deed of trust, which, as stated, was the senior deed of trust, was foreclosed by advertisement and sale by the trustee named therein, as provided in the deed of trust. Appellant claims title to the oxen and wagon under that sale.

The position of appellee, as trustee in the deed of trust in favor of the bank, is that, at the time of the foreclosure of the Womack deed of trust, the indebtedness thereby secured had been fully paid and discharged, and therefore the purchaser at that sale got no title to the prop-

erty. In other words, at the time the action of replevin was instituted by appellee in the court of the justice of the peace, the bank's deed of trust was alive against the property, and not the deed of trust of Womack. The evidence for appellee, we think, was sufficient to establish that fact, although the deed of trust had not been canceled on the record. The jury were therefore justified in so finding.

Appellant contends, however, that appellee as trustee in the deed of trust in favor of the bank, is estopped from making that contention, because the bank stood by and permitted the foreclosure of the Womack deed of trust without taking any steps to enforce its rights under its deed of trust; that the bank knew of the foreclosure of the Womack deed of trust, and for that reason was called upon to make its rights known under its deed of trust and to take the necessary steps to protect them; and, not having done so, the bank will not now be heard to say that the Womack deed of trust had been satisfied when it was foreclosed. We see no element of estoppel in the conduct of the bank. The bank neither by word nor act led the purchaser at the foreclosure of the Womack deed of trust to believe that he was getting a good title. At most, only silence can be attributed to the bank. There is nothing in the record to show that at the time of the foreclosure the bank knew that the Womack deed of trust had been satisfied by payment. As between the rights of the bank under its deed of trust and the purchaser at the foreclosure sale under the Womack deed of trust, the doctrine of *caveat emptor* applied to the purchaser. As between the rights of the bank and the purchaser, it devolved upon the latter to satisfy himself that he was purchasing the property under a live deed of trust.

Appellant assigns as error the action of the court in permitting the justice of the peace, from whose judgment the case was appealed to the circuit court, to properly certify his record up to the latter court for the purpose

of appeal. After the record in the case had been transferred from the court of the justice of the peace to the circuit court, it was discovered that the justice of the peace had not certified the record up to the circuit court, as required by statute. Thereupon appellee asked permission of the circuit court to permit the justice of the peace to make the necessary certificate to the record, which request the court permitted; the justice of the peace being present at the time. Appellant contends that this action of the circuit court came too late. We think not. We cannot conceive of any harm that was done appellant by the action of the court in that respect.

Appellant assigns, as error, the action of the court in giving certain instructions for appellee and in refusing one instruction for appellant. We are of the opinion that, by the instructions given both parties, the issues of fact in the case were fairly submitted to the jury, and that no error was committed by the court in the giving or refusing of instructions. We do not set out the instructions given and refused, because, in the opinion of the court, appellant's criticism of the action of the court in that respect is not sufficiently founded to call for a discussion by it. By the instructions, the defense of estoppel was eliminated. From what we have said, it will be seen that there was no error in eliminating that defense from the consideration of the jury.

The only other question in the case, whether or not the Womack deed of trust had been discharged at the time of its foreclosure, was fairly submitted to the jury by proper instructions.

*Affirmed.*